EDDY HSU, ESQ. (BAR # 245390)
LAW OFFICE OF EDDY HSU
111 NORTH MARKET ST.
SUITE 300
SAN JOSE, CALIFORNIA 95113
(408) 625-1138
(408) 625-1139 FAX

Attorney for Debtor

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>ANTONINO C CHACON,<br>        Debtor. | Case No. 10-32159 DM<br><br>Adv. No: _____<br><br>Chapter 13 |
| ANTONINO C CHACON,<br>        Plaintiff<br>vs<br>BAC HOME LOANS SERVCING LP, *et al*<br>        Defendants | COMPLAINT SEEKING DISALLOWANCE OF PROOF OF CLAIM AND OTHER RELIEF |

**Complaint Seeking Disallowance of Proof of Claim and Other Relief**

    Debtor, by counsel, objects to Proof of Claim Number 12, filed by BAC HOME LOANS SERVICING LP (herein "BAC") in the amount of $738,055.68 and assigns the following reasons for the same:

## **COUNT 1 – FAILURE TO FOLLOW RULE 3001(c)**

1. The proof of claim does not comply with Federal Rules of Bankruptcy Procedure 3001(c) because the claim is based on a written loan agreement, but neither an original nor copy of the <u>CURRENT</u> agreement is attached to the proof of claim.

2. The proof of claim alleges that as of June 9, 2010, Debtor had missed 15 payments up to and including June 2010. However, Debtor has entered into a loan modification contract signed on April 12, 2010. Therefore, the writing BAC offers is erroneous.

3. Since this Creditor filed the proof of claim on October 14, 2010, it had more than ample time to record the loan modification so reasonable mistake cannot be claimed.

4. Furthermore, Creditor BAC had filed an objection to confirmation on the same claims but withdrew the objection after proof of loan modification was provided. (Attached is the withdrawal of objection filed by BAC on October 14, 2010 as Exhibit 1)

Page 1 of 3

Case: 10-03190   Doc# 1   Filed: 11/09/10   Entered: 11/09/10 10:25:05   Page 1 of 3

5. The actual amount of arrearage is unsupported by any documentation as required by Rule 3001(c). The escrow shortage of $31,661.78 is not supported by any statements so it could included post-petition charges or double count the pre-petition fees listed.

6. The Post-Petition Bankruptcy Attorney Fees and Costs were not approved by the Court and should be denied given the level of error in the proof of claim

7. As a result of BAC's failure to comply with Federal Rules of Bankruptcy Procedure 3001(c), its proof of claim is not entitled to prima facie validity.

## COUNT 2 – FAILURE TO FOLLOW RULE 3001(d)

8. Additionally, the proof of claim does not comply with Federal Rules of Bankruptcy Procedure 3001(d) because BAC fails to provide the basis for a secured claim.

9. The Note filed by BAC <u>contradicts the declaration filed by Deanna Barria filed on July 14, 2010</u> as Docket Item 22-1 because the Proof of Claim uses a different note and includes a <u>POST PETITION ASSIGNMENT (dated July 16, 2010)</u> from ROCKAWAY BEACH FINANCIAL to BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP.

10. Furthermore, the MODIFICATION OF NOTE that BAC uses as evidence of perfection ties Debtor to <u>COUNTRYWIDE BANK, FSB, not COUNTRYWIDE HOME LOANS SERVICING, LP</u>.

11. As a result of BAC's failure to comply with Federal Rules of Bankruptcy Procedure 3001(d), its proof of claim is not entitled to prima facie validity.

## COUNT 3 – ATTEMPT TO MISLEAD THE COURT

12. BAC has attempted to mislead this court by filing several contradictory documents while omitting the true state of the debt in question.

13. The original objection to confirmation filed as Docket Item 22 was false because it did not reflect the actual loan modification agreement put in place on April, 2010.

14. Even after Debtor cleared the error and BAC withdrew its objection, BAC continued to file misleading documents with the Court with this Proof of Claim.

15. On October 14, 2010, the same day as the withdrawal of objection, BAC willfully filed an erroneous proof of claim with the same claims that it had just withdrawn.

16. Furthermore, BAC filed documents that contradict its previous declaration by Deanna Barria as to arrears amount, ownership of the loan, and the proper note in place.

17. BAC knowingly and willfully fabricated POST-PETITION documents to claim ownership of the note and deed of trust.

18. Finally, BAC has still not offered the current note in place in any of its documentation.

19. As a result, BAC has delayed Debtor's bankruptcy petition and incurred significant time, energy, and resources to dealing with these false documents.

**WHEREFORE,** the Debtors respectfully request that this Court disallow the proof of claim filed by BAC HOME LOANS SERVICING, award attorney fees and sanctions pursuant to 28 USC 1927, 11 USC 105 and 11 USC 506 for prosecution of this objection, and other order and further relief as is just and proper.

Dated: 11/2/2010

/s/ *Antonio Chacon*
ANTONIO CHACON
Debtor/Plaintiff

Dated: 11/9/2010

/s/ *Eddy Hsu*
Eddy Hsu, Esq.
Attorney for Debtor/Plaintiff